**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**WILEY ZACHARY CARROLL**                                            **PLAINTIFF**

**VS.**                                                                         **CIVIL ACTION NO. 4:05CV53LN**

**A. ANDERSON, UNKNOWN NICK
and UNKNOWN GREENLEAF**                                        **DEFENDANTS**

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 23rd day of January, 2006, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff appeared *pro se*, and the Defendants were represented by attorney William Hammack. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference. The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

       1.        **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. The Plaintiff, Wiley Zachary Carroll, claims that he was on lockdown for his safety when another inmate, Maurice Acker, was housed in his cell, at the direction of Defendant Anderson. Carroll says he asked that Acker not be put in his cell because he looked "a little off." During the time that Acker was housed with Carroll,

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

he kept saying, "I need my shot." Two days after Acker arrived, he attacked the Plaintiff in his sleep and broke his nose. Carroll says that Defendants Nicholson and Greenlee, officers at the facility, came to the door of their cell, but refused to enter for some time.

While he was being treated at the clinic, Acker was permitted to pack up his things, and Carroll claims that he stole some items. After the assault, Carroll says that he found out from the nurses that Acker had previously attacked two other inmates, Billy Brown and Anthony Cummings. Carroll says that these assaults all occurred within three weeks and that Acker never was disciplined for them. He also claims that Acker is now housed in a cell by himself.

## 2. DISCOVERY ISSUES and PENDING MOTIONS

The Plaintiff signed a medical waiver in order that the attorney for the Defendants could acquire all of his medical records pertaining to this incident and present them at the trial for the benefit of the court and all parties. The Defendants' attorney is directed to provide copies to the Plaintiff of these records, as well as the Plaintiff's entire jail file, including any medical request forms or any other reports regarding the Plaintiff. Further, the Defendants should provide a copy of all reports made to or by officers or administrators of EMCF or MDOC regarding this incident, or any other incident involving an assault by Maurice Acker on another inmate. The Defendants shall also provide to the Plaintiff information on Acker's housing assignments since the time that he was housed with the Plaintiff. This information shall be provided to the Plaintiff by March 17, 2006.

The parties stipulate as to the authenticity of the Plaintiff's medical records and agree that no physician's testimony shall be necessary at the trial. The records shall be admitted as a general exhibit. There are no other discovery matters pending, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the

court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation.  *See* Federal Rules of Civil Procedure 26(b)(1).

### 3. TRIAL WITNESSES

The Plaintiff requested that the following witnesses, thought to be incarcerated in the custody of the MDOC, be brought to testify on his behalf at the trial of this matter:

1. Billy Brown, #40327
   East Mississippi Correctional Facility

2. Anthony Cummings, #04463
   East Mississippi Correctional Facility

The court orders that subpoenas *ad testificandum* issue for these persons for the trial of this cause, as long as they are still in the custody of MDOC at the time.

The Plaintiff claims that no entry was made in his medical file as to the injuries he suffered as a result of this incident.  If that is the case, then the Defendants shall take the necessary steps to insure the attendance of Nurse Lewis at trial, as the Plaintiff contends that he treated him for those injuries.

The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

4. **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that the trial of this action will be held during the calendar that begins on July 17, 2006, and ends on July 31, 2006.

IT IS SO ORDERED, this the 31st day of January, 2006.

                                                        S/Alfred G Nicols, Jr.
                                         UNITED STATES MAGISTRATE JUDGE