IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**WILEY ZACHARY CARROLL**                                               **PLAINTIFF**

**VS.**                                               **CIVIL ACTION NO. 4:05CV53LS**

**A. ANDERSON, UNKNOWN NICK**
**and UNKNOWN GREENLEAF**                                   **DEFENDANTS**

**ORDER**

This matter came before the court on the Plaintiff's Motion to Amend, his Motion Request for Documents, and his Motion for a Pretrial Discovery Hearing. The Motion to Amend seeks to add the Chief Executive Officer of GEO Group, Inc. and the MDOC Contract Monitor Compliance Officer as defendants in this matter. Neither is alleged to have any personal involvement in the incident giving rise to this lawsuit, but each is alleged to have supervisory responsibility over the officers at EMCF. The law is clear that § 1983 liability may not be based upon a theory that a defendant was liable in a supervisory capacity – known in the law as the theory of *respondeat superior*. *Booker v. Koonce*, 2 F.3d 114, 116(5th Cir. 1993), citing *Monell v. New York City Dep't of Soc. Servs*, 436 U.S. 658 (1978). Therefore, Carroll's Request to Amend Civil Action Lawsuit must be denied.

Carroll's Motion Request for Documents seeks his prison and medical records, as well as the prison and medical records of Maurice Acker, the inmate who assaulted him, and Anthony Cummings, another inmate who was assaulted by Acker. The court ordered production of Carroll's records in the Omnibus Order earlier entered in this matter, and, if they have not been produced, the Defendants should do so immediately. The court will not require the release of Acker's or

1

Cummings's complete records, as they may contain confidential information. However, as required by the Omnibus Order, the Defendants are to provide copies of any and all reports regarding the incident in question, as well as any other incident involving an assault by Acker on another inmate. The Defendants should also produce all documentation related to Acker's housing assignments during the entire time that he has been housed at EMCF.

Carroll's Motion for a Pretrial Discovery Hearing seeks discovery of the identity of the person who actually assigned Acker to Carroll's cell. The court is of the opinion that the information required to be produced by the preceding paragraph should be sufficient to identify that person. Therefore, this Motion will be denied.

IT IS, THEREFORE, ORDERED that the Plaintiff's Motion to Amend and his Motion for a Pretrial Discovery Hearing are hereby **denied**.

IT IS FURTHER ORDERED that the Plaintiff's Motion Request for Documents is hereby **granted** in part and **denied** in part, as explained above. The Defendants shall produce the required documents on or before August 7, 2006.

IT IS SO ORDERED, this the 25th day of July, 2006.

S/James C. Sumner
UNITED STATES MAGISTRATE JUDGE