N THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**WILEY ZACHARY CARROLL**                                                                                  **PLAINTIFF**

**VS.**                                                                    **CIVIL ACTION NO. 4:05CV53LS**

**A. ANDERSON, UNKNOWN NICK
and UNKNOWN GREENLEAF**                                                                 **DEFENDANTS**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter came before the court on the Defendants' Motion for Partial Summary Judgment, which has been referred to the undersigned for a report and recommendation by District Judge Tom S. Lee. The basis for the Motion is the Plaintiff's inclusion in his case of a claim for property loss. The Plaintiff's primary claim is that the Defendants failed to protect him from an attack by his cellmate, Maurice Ackers, who was housed with Carroll despite the Defendants' knowledge that Ackers had attacked several inmates in the past. In addition, Carroll claims that, after the attack, while Carroll was being treated for his injuries, Ackers was permitted to pack up Carroll's belongings, and he stole several items.

The Defendants have moved for summary judgment on this secondary claim, on grounds that Carroll's loss of property does not state a constitutional claim, citing *Hudson v. Palmer*, 468 U.S. 517 (1984). The court agrees with the Defendants' characterization of *Hudson*, in which the Court found that even the intentional deprivation of an inmate's property by a prison guard did not state a constitutional claim. *Hudson* clearly applies to this case, where the claim is even more remote, as the deprivation was through the actions of an inmate, rather than a guard. The court further finds that Carroll had an adequate post-deprivation remedy through the prison's grievance system.

However, in *Hudson*, the plaintiff's other claim had been rejected by the Court, so the property claim was the only remaining basis for jurisdiction.  Here, the court clearly has jurisdiction over Carroll's failure to protect claim; therefore, under the appropriate conditions, the court could exercise pendent jurisdiction over the property claim.  *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966).  The decision of whether to exercise pendent jurisdiction is left to the discretion of the court, although certain factors should be considered.  In particular, the court should analyze the relationship between the state and federal claims and determine whether they arise from a common nucleus of operative fact.  *Id*.  The court finds that the incidents here are distinct in time and circumstance.  Moreover, while the guards may have made a mistake in judgment in permitting Carroll's assailant to pack his belongings, this claim does not implicate any serious issues of federal policy that would justify including this claim as part of Carroll's federal case.  For these reasons, the undersigned is of the opinion that the Defendants' Motion for Summary Judgment should be granted.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 17th day of January, 2007.

                                                  S/James C. Sumner
                                   UNITED STATES MAGISTRATE JUDGE